# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ERNEST MICHAEL SANCHEZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOVERNMENT NATIONAL MORTGAGE ASSOCIATION, et al.,<br><br>    Defendants. | Case No. 2:25-cv-01985-JAD-NJK<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

On 11/12/25, the magistrate judge entered this report and recommendation [ECF No. 6]:

Plaintiffs have requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis.* Docket No. 1.

The Court may authorize the commencement of an action without prepayment of fees and costs, or security therefor, by a person who has shown an inability to pay such costs. 28 U.S.C. § 1915(a)(1). A determination of whether the plaintiff has shown an inability to pay is a matter left to the discretion of the Court. *See, e.g.*, *Flores v. Colvin*, 2014 U.S. Dist. Lexis 93236, at *2 (D. Nev. May 22, 2014), *adopted*, 2014 U.S. Dist. Lexis 93234 (D. Nev. July 9, 2014). While an applicant need not be absolutely destitute to qualify for a waiver of costs and fees, the applicant must demonstrate an inability to pay those costs while still providing for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Only Plaintiff Ernest Michael Sanchez filed an application to proceed *in forma pauperis*.[1] The application identifies monthly wages of $2,297.96, which exceeds the federal poverty guidelines for a family of two, *cf. Andrea L.M. v. O'Malley*, 2024 U.S. Dist. Lexis 117157, at *2 (D. Nev. July 3, 2024) (comparing income to poverty guidelines). That monthly income is also well above the amounts that have led to denial of *in forma pauperis* status, *see, e.g.*, *Brunson v.*

---

[1] When multiple plaintiffs join in the same suit, they must each file an application to proceed *in forma pauperis* and each Plaintiff must qualify for *in forma pauperis* status. *See, e.g.*, *Remmert v. Newsome*, 2023 WL 1806277, at *1 (E.D. Cal. Jan. 31, 2023). Given the ability to pay found herein, the Court need not order Plaintiff Eva Kristine Sanchez to file her own application.

*Soc. Sec.*, 2019 WL 6709544, at *1 (D. Nev. Oct. 31, 2019) (denying *in forma pauperis* status based on monthly income of $1,397), *adopted*, 2019 WL 6700193 (D. Nev. Dec. 9, 2019), and the Court has rejected similar requests, *see Andrea L.M.*, 2024 U.S. Dist. Lexis 117157, at *2. Moreover, the application identifies only $1,825 in monthly expenses, which are amply covered by the income identified. *See* Docket No. 1 at 3. In short, Plaintiff Sanchez is able to pay the filing fee.[2]

Accordingly, the undersigned **RECOMMENDS** that the application to proceed *in forma pauperis* be **DENIED** and that Plaintiffs be required to pay the filing fee in prompt fashion within a specified timeframe.

Dated: November 12, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

### ORDER

The deadline for any party to object to this recommendation was 11/26/2025, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The filing fee has now been paid. ECF No. 8. Having reviewed the report and recommendation, I find good cause to adopt it, and I do. IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 6] is ADOPTED in its entirety**, and the application to proceed in forma pauperis [ECF No. 1] is DENIED.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: December 1, 2025

---

[2] Additionally, Local Rule 15-1(a) provides that a "proposed amended pleading must be complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading." Plaintiffs filed multiple amended complaints, *see* Docket Nos. 3, 5, the most recent of which adds defendants who were not included in the previous complaints, but fails to include all named defendants. *See* Docket No. 5. Therefore, the amended complaint is not "complete in and of itself." *See id.*; *see also* Local Rule 15-1(a). Moreover, the amended complaint violates Federal Rule of Civil Procedure 10(a) because it does not include the names of all the parties in its title. *See* Docket No. 5 at 1; *see also* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); *see also Crisp v. Caruso*, No. 14-CV-14132, 2015 WL 9489605, at *2 (E.D. Mich. Dec. 30, 2015) ("This Rule applies equally to amended complaints").