**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Ernest M. Sanchez; Eva Kristine Sanchez, | Case No.:  2:25-cv-1985-JAD-NJK |
| Plaintiffs | **Order Granting Unopposed Motions to Dismiss** |
| v. | |
| Government National Mortgage Association, et al., | ECF Nos. 17, 21 |
| Defendants | |

Pro se plaintiffs Ernest and Kristine Sanchez bring this lawsuit against lenders and others over what they characterize as an illegal foreclosure sale.[1]  The case was initiated on October 12, 2025, and the plaintiffs paid the filing fee around Thanksgiving after their application to proceed *in forma pauperis* was denied.[2]  But the plaintiffs only began to effectuate service on the defendants last month.[3]

Defendant Nationstar Mortgage LLC dba Mr. Cooper filed a motion to dismiss under Federal Rule of Civil Procedure (FRCP) 4(m) for untimely service on February 23,

---

[1] ECF No. 7.

[2] *See* ECF Nos. 8, 10.

[3] *See* ECF Nos. 13, 15, 16.

1

2026.[4]  Any opposition to that motion was due by March 10, 2026,[5] but the plaintiffs did not file any opposition or seek to extend the deadline to do so.

Defendant VRM Mortgage Services filed a similar motion, arguing that it has never been served with a complaint naming it as a defendant.[6]  Any opposition to that motion was due by March 18, 2026,[7] but the plaintiffs did not file any opposition or seek to extend the deadline to do so.

This Court's Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." And the notices sent to the plaintiffs after the filing of Nationstar and VRM's motions expressly warned them that "The failure to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."[8]  I apply Local Rule 7-2(d) and deem plaintiffs' failure to oppose these motions as their consent to granting them.

IT IS THEREFORE ORDERED that Defendant Nationstar Mortgage, LLC and Defendant VRM Mortgage Services' **motions to dismiss [ECF Nos. 17, 21] are**

---

[4] ECF No. 17.

[5] ECF No. 19.

[6] ECF No. 21.

[7] ECF No. 22.

[8] ECF Nos. 19, 22.

**GRANTED, and the claims against these defendants are DISMISSED.  The Clerk of Court is directed to TERMINATE these defendants as parties in this case.**

The court further notes that Defendant Affinia Default Services, LLC filed a "joinder" in VRM's motion to dismiss.[9]  But that "joinder" is impermissible because it is based on the specific facts regarding service on Affinia, which differ from VRM's.  Because Affinia's filing is not a proper joinder, the court instead deems Affinia's filing as its own motion to dismiss.  **The Clerk of Court is directed to RENAME** this document [ECF No. 26] on the docket as Affinia's Motion to Dismiss, gavel it, **and SEND** a *Klingele* order to the plaintiffs for it.  **Plaintiffs have until April 9, 2026, to file a response to Affinia's dismissal request that is in the docket at ECF No. 26.**

_____
U.S. District Judge Jennifer A. Dorsey
March 20, 2026

---

[9] ECF No. 26.

3