# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Ernest Michael Sanchez and Eva Kristine Sanchez,

      Plaintiffs

v.

Government National Mortgage Association, et al.,

      Defendants

Case No.: 2:25-cv-01985-JAD-NJK

**Order Denying Motions to Dismiss and Granting in Part and Denying in Part Motion to Vacate Dismissal Order**

[ECF Nos. 26, 28, 35]

Pro se plaintiffs Ernest and Kristine Sanchez sue several entities over what they characterize as an illegal foreclosure sale.[1]  Although the plaintiffs filed this case in October 2025, they didn't begin serving the defendants until 30 days after their Federal Rule of Civil Procedure 4(m) deadline expired.[2]  Nationstar Mortgage dba Mr. Cooper and VRM Mortgage Services moved to dismiss for untimely service, and I granted that motion as unopposed.[3]  The plaintiffs now seek reconsideration of that order, contending that they tried to respond but were stymied by e-filing-access problems.  Covius Shared Services and McCalla Raymer Leibert Pierce (MRLP)[4] separately seek dismissal for the same Rule 4(m) service delay.

Because this case remains in its infancy, the moving defendants had prompt notice of it, and no defendant shows meaningful prejudice from the short service delay, I grant

---

[1] ECF No. 7.

[2] *See* ECF Nos. 13, 15, 16.

[3] ECF No. 35.

[4] Although the court previously deemed ECF No. 26 to be Affinia's motion to dismiss, *see* ECF No. 31, the filing was submitted on behalf of MRLP, seeks dismissal based on service of process on MRLP, and is signed by counsel for MRLP.  So I construe ECF No. 26 as MRLP's motion and refer to it accordingly throughout this order.

reconsideration in part, deny the dismissal motions, and extend the plaintiffs' service deadline *nunc pro tunc*. But because the record shows that VRM was served with a complaint that does not name it as a defendant, I leave VRM's dismissal intact.

## Discussion

### A. Covius and MRLP are not entitled to dismissal for the plaintiffs' 29-day service delay.

FRCP 4(m) requires service of the summons and complaint to be completed within 90 days of the complaint's filing, and "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[5] Rule 4(c)(1) further makes it clear that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed under Rule 4(m)."[6] FRCP 4(m) requires a district court grant an extension upon a showing of good cause, but permits it to grant an extension even in the absence of that showing.[7] "In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'"[8]

Covius and MRLP move to dismiss on the same FRCP 4(m) untimely service grounds because they were served on February 9, 2026, 29 days after the FRCP 4(m) 90-day service

---

[5] Fed. R. Civ. 4(m).

[6] Fed. R. Civ. 4(c).

[7] *See Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

[8] *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

deadline.[9]  Based on this untimely service, they argue that the court "does not have personal jurisdiction" over them and thus must dismiss the claims against them.[10]  The plaintiffs contend that the delays were due to "confusion about the operative pleading, amended filings, and service mechanics, together with difficulties related to filing access and case management."[11]  Two amended complaints were filed but never served and the served complaint listed different parties. They further contend that there was not "any real prejudice from the timing of service" that would interfere with the defendants' ability to defend.[12]

Only Covius replied to those arguments.  It avers that filing-access problems do not excuse the plaintiffs' failure to timely serve and that any confusion about the operative complaint stems from the plaintiffs' own filings.[13]  The plaintiffs filed multiple complaints over a six-week period, some of which added parties, some of which omitted parties named in earlier pleadings, and the complaint ultimately served on defendants did not mirror all prior filings.  According to Covius, that procedural history obscures which pleading governs this case and prejudices the defendants by making it unclear which claims and parties they must defend against.

Because "[i]nadvertent error or ignorance of governing rules does not, in and of itself, constitute good cause sufficient to excuse the lack of timely service," I do not find that the delays

---

[9] ECF Nos. 26, 28.

[10] ECF No. 28.

[11] ECF No. 35 at 3.  The plaintiffs filed an opposition to Covius's motion responding on the merits, whereas they only opposed the joinder in their response to MRLP, not responding to the content of the motion to dismiss despite my resolution of the joinder concern in a prior order, ECF No. 31.  Given that both motions to dismiss are brought on the same grounds, I extend the plaintiffs' arguments opposing the former to constructively oppose the latter.

[12] ECF No. 35 at 4.

[13] ECF No. 36 at 3.

due to supposed procedural confusion establish good cause.[14]  But I do find that the circumstances nevertheless justify an exercise of my discretion to deem the service timely under FRCP 4(m).  Covius and MRLP were served just 29 days after the service deadline expired, and neither identifies any meaningful prejudice resulting from that brief delay.[15]  Their asserted confusion about the operative pleading does not appear to have impaired their ability to respond to the complaint that was served or otherwise defend this action.[16]  And because this case remains in its infancy, extending the service deadline will not meaningfully disrupt the proceedings.  Plus the strong preference for resolving cases on their merits further weighs against dismissal.[17]  So I grant a 29-day extension to the 90-day deadline *nunc pro tunc* and deem service on Corvius and MRLP timely under Rule 4(m).  Their motions are therefore denied.

**B.       Reconsideration is warranted for Mr. Cooper but not VRM.**

        With the motions to dismiss resolved, I now turn to whether my order to dismiss the claim against Mr. Cooper and VRM should be reconsidered.[18]  FRCP 60(b) permits reconsideration if "(1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision

---

[14] *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992) (citing *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985)); *Townsel v. Contra Costa Cnty.*, 820 F.2d 319, 320 (9th Cir. 1987).

[15] Other district courts have deemed even greater delays as not constituting prejudice.  *Furtado v. United Rentals, Inc.*, 2015 WL 4452502, at *9 (N.D. Cal. July 20, 2015) (denying motion to dismiss under Rule 4(m) in which delay in service was in the order of a few months, defendant would suffer no prejudice and had been aware of lawsuit since it was filed less than a year prior, and plaintiffs had effectively served defendant); *Howes v. City of Seattle*, 2008 WL 5071981, at *1 (W.D. Wash. Nov. 24, 2008) (denying the defendant's motion to dismiss for defects in service despite the plaintiff's one-year delay in serving the defendant, in light of the preference for resolving issues on the merits and the absence of prejudice to the defendant).

[16] *Betterman v. Montana*, 578 U.S. 437, 442 (2016).

[17] *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986).

[18] ECF No. 35.

4

was manifestly unjust, or (3) there is an intervening change in controlling law," or (4) the order is the result of "mistake, inadvertence, surprise, or excusable neglect." [19]  The plaintiffs invoke the excusable-neglect prong of Rule 60(b)(1).[20]  To determine whether neglect is excusable, the court considers "at least four factors" known as the *Pioneer-Briones* factors: [21] "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."[22] Excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence" [23] and includes "omissions caused by carelessness."[24]

The plaintiffs contend that they did not ignore Mr. Cooper's and VRM's motions or abandon their claims; they missed the opposition deadlines because they were trying, unsuccessfully, to obtain e-filing access.[25]  They point to emails with court staff about their registration problems and argue that their pro se status, good-faith efforts to comply, and the early stage of this case make dismissal too harsh.  They also maintain that Mr. Cooper was validly served and that VRM's dismissal should be revisited because it was entered as unopposed, not on the merits.

---

[19] L.R. 59-1(a); Fed. R. Civ. P. 60(b).

[20] ECF No. 35.

[21] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993).

[22] *Lemoge*, 587 F.3d at 1192 (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000)).

[23] *Id.* (quoting *Pioneer Inv. Servs.*, 507 U.S. at 394).

[24] *Id.* (quoting *Pioneer Inv. Servs.*, 507 U.S. at 388).

[25] *Id.* at 3.

Mr. Cooper responds that that "[p]laintiffs received notice of Mr. Cooper's Motion to Dismiss and the deadline to respond" and failed to respond or file for an extension.[26] It argues that the reason provided by the plaintiffs for their failure to respond is unpersuasive because they don't say how they "could file four separate complaints during October and November 2025, plus two filings in March 2026, but could not file an opposition to Mr. Cooper's Motion to Dismiss," nor seek an extension.[27] VRM echoes that point and adds that reconsideration would be futile because the plaintiffs still have not shown that they timely served VRM with a complaint naming it as a defendant.

### 1. The <u>Pioneer-Briones</u> factors favor reconsideration as to Mr. Cooper.

The plaintiffs have shown just enough excusable neglect to justify setting aside the dismissal order as to Mr. Cooper. The first two *Pioneer-Briones* factors favor relief because vacating Mr. Cooper's dismissal will not meaningfully prejudice it or disrupt these proceedings. This case remains in its earliest stages, and the plaintiffs moved for reconsideration less than two weeks after the dismissal order was extended.

The reason for the missed deadline is much weaker. The plaintiffs contend that e-filing-access problems prevented them from timely opposing Mr. Cooper's motion.[28] But the record shows that they were able to file multiple documents in this case, including a motion for electronic-filing privileges on the day their opposition was due.[29] And even accepting that they encountered difficulties obtaining e-filing access, the plaintiffs offer no persuasive explanation for why they did not seek an extension from Mr. Cooper or the court before the deadline expired.

---

[26] ECF No. 39 at 3.

[27] *Id.*

[28] ECF No. 35 at 3–4.

[29] ECF Nos. 1, 3, 7, 9, 23.

Their evidence also shows that they contacted court staff about those problems after both the opposition deadline and the dismissal order had already passed.[30]

Still, nothing suggests bad faith.  Although self-represented litigants must comply with the same procedural rules as represented parties,[31] the early posture of this case and the strong preference for resolving claims on their merits tip the balance in favor of reconsideration.[32]  So reconsidering that motion on the merits, I reach the same conclusion that I reached above in addressing Covius's and MRLP's motions: dismissal is not warranted for a 29-day service delay that caused no meaningful prejudice.[33]  I therefore extend the Rule 4(m) service deadline *nunc pro tunc*, deem service on Mr. Cooper timely, and vacate Mr. Cooper's dismissal.[34]

### 2.    *VRM's dismissal stands because it was not properly served.*

VRM's motion highlights a different problem.  The plaintiffs' reconsideration motion explains why they failed to oppose VRM's dismissal motion, but it does not show that they properly served this entity.  Sufficiency of service can be "a fact-driven inquiry."[35]  If service is

---

[30] ECF No. 31 at 2, 3.

[31] *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022).

[32] *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).

[33] *See e.g., Chases v. U.S. Bureau of Prisons*, 2009 WL 10673754, at *3 (C.D. Cal. July 24, 2009) (finding that while the lack of notice prejudiced defendants, a six-week delay and the fact that the case was dismissed early in the proceedings weigh in favor of finding excusable neglect).

[34] Mr. Cooper also contends that the plaintiffs may not use reconsideration to advance Rule 4(m) arguments that they failed to raise before dismissal.  ECF No. 39 at 3.  That is generally true.  But the dismissal order was entered because the motion went unopposed, not because the court considered and rejected the plaintiffs' Rule 4(m) position on the merits.  Having found excusable neglect sufficient to reopen the dismissal order, I must determine whether dismissal remains warranted.  That inquiry necessarily requires consideration of whether the 29-day service delay justifies dismissal under Rule 4(m).  And because Rule 4(m) permits a district court to extend the service deadline even absent good cause, my decision to grant a nunc pro tunc extension for the brief delay does not rest on newly raised arguments; it rests on the Rule 4(m) analysis that governs the dismissal motion itself.

[35] *S.J. v. Issaquah Sch. Dist. No.*, 470 F.3d 1288, 1293 (9th Cir. 2006).

insufficient, "[t]he choice between dismissal and quashing service of process is in the district court's discretion."[36]  VRM was named in the complaints filed on October 29, 2025, and November 21, 2025.  But the plaintiffs later filed another complaint on November 24, 2025, that does not name VRM and deletes all references to VRM from the statement of facts.  "The fact that a party was named in the original complaint is irrelevant [because] an amended pleading supersedes the original."[37]  The plaintiffs then served VRM with the November 24 complaint and summons on February 9, 2026.

The plaintiffs make a merits-based service argument for Mr. Cooper, contending that they can show valid service and that dismissal should not rest on untimeliness alone.[38]   But they make no comparable showing for VRM.  Their reconsideration motion treats VRM's dismissal as if it turned only on a missed opposition deadline, without addressing VRM's separate argument that it was served with a complaint that does not name it as a defendant.  Because the plaintiffs have not shown that VRM was properly served, reopening VRM's dismissal motion would not change the result.  So I deny reconsideration as to VRM and leave its dismissal intact.

## Conclusion

IT IS THEREFORE ORDERED that Defendant Covius Shared Services, LLC's and Defendant McCalla Raymer Leibert Pierce, LLP's **motions to dismiss [ECF Nos. 26, 28] are DENIED.**

---

[36] *Id.* (quoting *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)).

[37] *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).

[38] ECF No. 35 at 2.

IT IS FURTHER ORDERED that Plaintiffs Ernest Michael Sanchez and Eva Kristine Sanchez's **motion to vacate the dismissal order [ECF No. 35] is GRANTED in part.** I vacate my prior order as to Mr. Cooper, only, reinstating Mr. Cooper as a defendant, but not VRM.

 

_____

U.S. District Judge Jennifer A. Dorsey

June 16, 2026

9