**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERNEST MICHAEL SANCHEZ, et al.,<br>Plaintiffs,<br>v.<br>GOVERNMENT NATIONAL MORTGAGE ASSOCIATION, et al.,<br>Defendants. | Case No. 2:25-cv-01985-JAD-NJK<br>**Order**<br>[Docket No. 63] |

Pending before the Court is the parties' stipulation to extend case management deadlines. Docket No. 63.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*[1] Although the Court may consider the joint nature of a

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated

stipulation to extend, "[t]hat a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief." *Williams*, 627 F. Supp. 3d at 1178.

On April 21, 2026, the Court entered the scheduling order, setting the discovery cutoff for August 24, 2026. *See* Docket No. 43. Through the instant stipulation, the parties request a 120-day extension of the subject deadlines because the parties submit that they are uncertain as to the parties and claims going forward and that proceeding with discovery would be a waste of resources. Docket No. 63 at 1-2.

The instant stipulation is deficient for several reasons. *See id.* First, the stipulation fails to include a specific description of the discovery that remains to be completed, reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan, and a proposed schedule for completing all remaining discovery. *See* Local Rule 26-3(b)-(d). Further, the parties fail to demonstrate diligence because they have not completed any affirmative discovery in this matter. *See* Docket No. 63 at 2. Additionally, the reasons provided in the instant motion are insufficient to justify an extension. The scheduling order expressly provides that "[t]he case management deadlines set forth above otherwise apply to any later appearing party as currently set, unless a request to modify those deadlines is filed and granted by the Court." Docket No. 43 at 2. Further, the parties cannot self-impose a stay of discovery because there are pending motions to dismiss. *See also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending").

Accordingly, the Court **DENIES** the parties' stipulation. Docket No. 63.

IT IS SO ORDERED.

Dated: July 29, 2026

Nancy J. Koppe
United States Magistrate Judge

---

bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).