**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Ernest Michael Sanchez, et al.,

Plaintiff(s),

v.

Nationstar Mortgage, LLC DBA Mr. Cooper, et al.,

Defendant(s).

Case No. 2:25-cv-01985-JAD-NJK

**Order**

[Docket No. 71]

Pending before the Court is Plaintiffs' motion to extend the discovery motion deadline, to modify the scheduling order, and to compel.[1] Docket No. 71.[2] Defendant Nationstar Mortgage filed a response in opposition. Docket No. 73.[3] The motion is properly resolved without a hearing. *See* Local Rule 78-1.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration

[1] Local Rule IC 2-2(b) requires a separate document to be filed for each type of relief requested or purpose of document. For example, "separate documents must be filed for a motion to dismiss and a motion to sever, rather than filing a motion to dismiss and to sever in one document." LR IC 2-2(b).

[2] The Court liberally construes the filings of *pro se* litigants. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

[3] Plaintiffs filed a "response" to Defendant's response to the instant motion consisting of exhibits. Under Local Rule IC 2-2(c), the filer of a docket entry is responsible for designating the accurate title of a document in the electronic filing system.

setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-6(c).

Judges in this District have held that the rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id.* This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id.* To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170. The Court finds that the parties have not had a meet and confer before Plaintiffs filed this instant motion to compel.

Accordingly, the Court **DENIES** without prejudice the motion to extend the discovery motion deadline, to modify the scheduling order, and to compel. Docket No. 71. The parties must promptly engage in a meaningful conferral process. If Plaintiffs can meet the standards for any of the motions they with to file, they must file any renewed motion no later than October 22, 2026.[4]

IT IS SO ORDERED.

Dated: October 8, 2026

______________________________
Nancy J. Koppe
United States Magistrate Judge

[4] The Court declines to address the merits at this time.