**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Ernest Michael Sanchez; Eva Kristine Sanchez,<br><br>Plaintiffs<br>v.<br><br>Government National Mortgage Association, et al.,<br><br>Defendants | Case No.: 2:25-cv-1985-JAD-NJK<br><br>**Order Granting Motions to Dismiss with Limited Leave to Amend by November 6, 2026, and Denying Plaintiffs' Request to Record a Lis Pendens**<br><br>ECF Nos. 52, 54, 56, 66 |

Pro se plaintiffs Ernest and Kristine Sanchez bring this lawsuit against lenders and others over what they characterize as an illegal foreclosure sale of their home on which they stopped paying the mortgage nearly a decade ago.[1] Defendants Nationstar Mortgage, LLC, Covius Shared Services, LLC, and McCalla Raymer Leibert Pierce, LLC move to dismiss all claims against them. Because I find that the Sanchezes' shotgun-style pleading fails to state a plausible claim against any defendant and that the bulk of their theories fail as a matter of law, I grant the motion with limited leave to amend by November 6, 2026.

[1] ECF No. 7.

## Background

The Sanchezes bought their home at 7172 Fruitful Harvest Avenue in Las Vegas, Nevada, in May of 2015 with a mortgage secured by a deed of trust.[2] They stopped making their mortgage payments in the fall of 2017,[3] and the home was eventually sold to a third-party buyer after a non-judicial foreclosure sale last October.[4]

Alleging that there were myriad errors in the lending, debt-collection, and foreclosure processes, the Sanchezes sue Nationstar Mortgage LLC dba Mr. Cooper, which is the trustor under the deed of trust;[5] McCalla Raymer Leibert Pierce LLC; Covius Shared Services LLC; Affinia Default Services, LLC; and the Government National Mortgage Association. Against all defendants collectively, and without attributing any act to any specific defendant, they assert claims for (1) due-process violations under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, (2) "lack of standing/improper securitization," (3) "separation of note and deed," (4) "Nevada Foreclosure Mediation Program Violations," (5) violations of the Truth in Lending Act (TILA), and (6) violations of the Fair Debt Collection Practices Act (FDCPA).[6]

---

[2] ECF No. 9 at 4. The facts recounted in this section are merely the plaintiffs' allegations; they are not findings of fact.

[3] *Id*. at 12.

[4] *Id*. at 13.

[5] ECF No. 53-2 (6/5/2018 assignment of the deed of trust from Mortgage Electronic Registration Systems to Nationstar). This court takes judicial notice of this assignment and all other recorded documents relating to the chain of title for this property.

[6] *See generally* ECF No. 9.

Nationstar, McCalla Raymer, and Covius move to dismiss the claims against them.[7] They argue that the Sanchezes' failure to delineate which acts were performed by which defendants—known as a "shotgun" style pleading—renders their complaint deficient under Federal Rule of Civil Procedure 12(b)(6). They add that the due-process claim must be dismissed because such a claim may be brought only against state actors, and all of the defendants are private entities, and the rest of the Sanchezes' legal theories have been discredited as a matter of law. The Sanchezes oppose the motion[8] and have filed a proposed sixth version of their complaint that contains a completely different slate of claims—all of which are state-law causes of action save for a Real Estate Settlement Procedures Act (RESPA) one.[9]

**Analysis**

Federal pleading standards require a complaint to include enough factual detail to "state a claim to relief that is plausible on its face."[10] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; plaintiffs must make direct or inferential factual allegations to meet "all the material elements necessary to

[7] ECF Nos. 52, 54, 56.

[8] ECF No. 58.

[9] ECF No. 59.

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

sustain recovery under some viable legal theory."[11] A complaint that fails to do so must be dismissed.[12]

But federal courts must also interpret all pleadings "so as to do justice,"[13] so the Supreme Court has consistently held that pro se pleadings are "to be liberally construed."[14] A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim[s that] would entitle [them] to relief."[15] If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment.[16]

**A. The Sanchezes can't sue these private defendants for a due-process violation.**

In their first claim for relief, the Sanchezes sue for a Fourteenth Amendment due-process violation under 42 U.S.C. § 1983. That statute provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and the laws, shall be

---

[11] *Id*. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)) (emphasis in original).

[12] *Id*. at 570.

[13] Fed. R. Civ. P. 8(e).

[14] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted).

[15] *Id.* (cleaned up).

[16] *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

liable to the party injured in an action at law"[17] A claim for a constitutional violation like this one can be brought only against a state-government actor. "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the government?"[18]

None of the moving defendants is a state-government entity—they're all private companies.[19] And the Sanchezes don't offer any allegations that would permit the court to conclude that these defendants are state actors or were acting in concert with state actors to deprive the Sanchezes of their constitutional rights. So their first claim for due-process violations must be dismissed for failure to state a claim. Because it does not appear that the plaintiffs could plead any set of facts under these circumstances that would cure this state-actor deficiency, this dismissal is with prejudice and without leave to amend.

---

[17] 42 U.S.C. § 1983.

[18] *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1167 (9th Cir. 2021) (quoting *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999)).

[19] The non-moving defendants, Government National Mortgage Association (GMNA) and Affinia Default Services LLC are also not state actors. Affinia is a limited-liability company, and at best GMNA is a federal actor. *See Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995) (federal employees acting pursuant to federal law are not acting under the color of state law). So I dismiss this claim in its entirety because it is clear that the plaintiffs cannot state a § 1983 claim against any of the named defendants within the context of this case.

**B. The TILA claim is time-barred.**

The Sanchezes' fifth cause of action is for violations of TILA. The moving defendants seek to dismiss this claim as time-barred. TILA affords damages or a right to rescission for violations of the statute. A one-year statute of limitations applies to TILA claims seeking damages,[20] while TILA claims for rescission expire three years after the consummation of the transaction.[21]

The Sanchezes' TILA claim is based on their allegations that the defendants "fail[ed] to disclose material information regarding the loan transaction," which happened in 2015,[22] and "notice of the transfer of loan servicing rights and ownership of the loan," which happened in 2018.[23] Because the most recent conduct that forms the basis of this claim happened more than seven years before they commenced this lawsuit, the Sanchezes' TILA claim must be dismissed as time-barred. That dismissal is with prejudice and without leave to amend.

**C. The FDCPA claim fails as a matter of law.**

The main premise of the Sanchezes' FDCPA claim is that the defendants' act of trying to collect their long-unpaid mortgage more than six years after they stopped paying it "may constitute a violation of the" FDCPA because "[u]nder Nevada Revised Statutes

---

[20] *See* 15 U.S.C. § 1640(e); *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003).

[21] *See* 15 U.S.C. § 1635(f).

[22] ECF No. 9 at 4, 11.

[23] *Id*. at 11; ECF No. 53-2.

11.190, actions upon written contracts must be commenced within six years after the cause of action accrues."[24]

But the defendants didn't bring a breach-of-contract action; they foreclosed on the Fruitful Harvest house by non-judicial foreclosure.[25] The Nevada Supreme Court held in *Facklam v. HSBC Bank* that non-judicial foreclosure actions are not subject to the statutes of limitation in NRS Chapter 11 because those time bars apply only to judicial actions, and a non-judicial foreclosure is not a judicial action.[26] So "lenders are not barred from foreclosing on mortgaged property merely because the statute of limitations for contractual remedies on the note has passed."[27]

To the extent that the FDCPA claim is based secondarily on "[h]arassing telephone calls" and "written communications,"[28] it is time-barred. Each FDCPA violation "triggers its own one-year statute of limitations" that "begins to run on the date on which the alleged FDCPA violation occurs . . . ."[29] The Sanchezes allege that these harassing communications began "on or about June 13, 2018,"[30] which was more than seven years before they filed this lawsuit. So the FDCPA claim is dismissed with prejudice and without leave to amend.

---

[24] ECF No. 9 at 12 (cleaned up).

[25] ECF No. 53-3 at 2.

[26] *Facklam v. HSBC Bank*, 401 P.3d 1068, 1070 (Nev. 2017).

[27] *Id.*

[28] ECF No. 9 at 12.

[29] *Brown v. Transworld Sys., Inc.*, 73 F.4th 1030, 1040 (9th Cir. 2023).

[30] ECF No. 9 at 5.

**D. The second and third causes of action don't state a plausible claim for relief.**

The Sanchezes' second and third claims are labeled "Lack of Standing/improper Securitization" and "Separation of Note and Deed of Trust," respectively.[31] The plaintiffs don't identify any recognized causes of action for these concepts, and their legal premise is unsound.

The Sanchezes state in their second cause of action that "Nationstar is not the legal owner or holder of the Promissory Note, that the Note was not properly endorsed to Nationstar, and that any purported assignments were invalid," all of which "would establish that Defendants lack standing to foreclose."[32] But these allegations about the assignment are legal conclusions, not factual allegations, and when considering these motions to dismiss, this court need not take them as true.[33] And the Sanchezes have not alleged any facts from which this court could infer that the assignment of the note or deed of trust was invalid.

The theory underlying their third claim for relief is even less plausible because the Ninth Circuit has expressly rejected the theory on which it's based. The Sanchezes allege in this claim that "the Note was securitized shortly after origination, resulting in the

---

[31] *Id*. at 8–9.

[32] *Id*. at 8.

[33] *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

separation of the Note from the Deed of Trust. This separation, if proven, would render the debt unsecured and unenforceable through foreclosure."[34]

But the notion that separation of the note and deed of trust necessarily bars foreclosure was rejected by the Nevada Supreme Court in *Edelstein v. Bank of New York Mellon* and *In re Monteirth*.[35] As the court explained, "after being split, 'the documents, and their respective interests, survive even if held by different parties.'"[36] "Foreclosure is not impossible if there is either a principal–agent relationship between the note holder and the mortgage holder, or the mortgage holder 'otherwise has authority to foreclose on the note holder's behalf.'"[37] The Sanchezes have not pled any facts to show the lack of a principal–agent relationship necessary for foreclosure to be barred based on the separation of the note from the deed of trust here.

At the end of their second and third claims, the Sanchezes allege that "by failing to respond to" their requests for information about "the validity of the debt, the source of funding for the loan, and other aspects of the loan origination and servicing," the "Defendants violated" 12 C.F.R. §§ 1024.35 & 36,[38] which are provisions of the Real Estate Settlement Procedures Act (RESPA). But the allegations on which this potential

---

[34] ECF No. 9 at 9.

[35] *Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 259 (Nev. 2012); *In re Montierth*, 354 P.3d 648, 650 (Nev. 2015).

[36] *In re Montierth*, 354 P.3d at 650 (quoting *In re Phillips*, 491 B.R. 255, 275 (Bankr. D. Nev. 2013)).

[37] *Id*. (quoting Restatement (Third) of Prop.: Mortgages § 5.4 cmts. c & e (1997)); *accord Berezovsky v. Moniz*, 869 F.3d 923, 932 (9th Cir. 2017).

[38] ECF No. 9 at 8–9.

RESPA claim are based are too thin for me to find that they have stated a plausible or timely RESPA claim. So I dismiss the second and third claims with leave to amend to add distinct facts to support a RESPA claim based on the alleged failure to respond to the Sanchezes' written requests for information.

**E. The foreclosure-mediation-program claim is barred.**

In their fourth cause of action, the Sanchezes allege that a mediation was conducted on September 8, 2025, under the Nevada Foreclosure Mediation Program, but they were not notified of it nor "afforded the opportunity to participate in" it.[39] "These allegations, if proven," they theorize, "would render the foreclosure process void under Nevada law."[40]

But the Sanchezes don't identify a Nevada law that would support their theory, and that theory seems contrary to Ninth Circuit law. In *Tobler v. Sables*, a Ninth Circuit panel held that "a request for judicial relief under Nevada's Foreclosure Mediation Rules is the exclusive remedy under Nevada law for challenging a lender's conduct in the foreclosure mediation process."[41] The panel noted that "[t]he Nevada Supreme Court has further underscored the exclusive nature of that judicial-review remedy by holding that objections to the mediation process must be resolved through that process of judicial review and not 'by bringing a second proceeding before a different district court

---

[39] *Id*. at 4, 10.

[40] *Id*. at 10.

[41] *Tobler v. Sables, LLC*, 968 F.3d 1010, 1012 (9th Cir. 2020).

judge.'"[42] "Where, as here, the Nevada Legislature has created a carefully reticulated statutory scheme that contemplates an exclusive judicial-review mechanism, Nevada law generally disfavors judicial recognition of additional remedies for alleged violations of the statutory requirements."[43] So the panel had "little difficulty concluding that Nevada law does not permit parties to evade the mediation program's exclusive judicial-review mechanism by repackaging their complaints about the adequacy of the mediation process as state common-law claims."[44] Because Nevada law does not appear to allow the Sanchezes to bring a lawsuit like this for "Nevada Foreclosure Mediation Program Violations," I dismiss that claim with prejudice.

But just as they did in their second and third claims for relief, the Sanchezes have appended a RESPA theory to the end of this foreclosure-program one.[45] They offer the vague suggestion that the defendants violated four separate RESPA provisions related to early intervention, loss-mitigation, error-resolution, information-request, and loan-modification procedures.[46] While these thin allegations don't state a plausible RESPA claim so I dismiss the entire fourth cause of action, I do so with leave to amend to attempt to plead specific facts that support a RESPA claim based on the mediation process.[47]

---

[42] *Id*. at 1013 (quoting *Holt v. Regional Trustee Servs. Corp*., 266 P.3d 602, 606–07 (Nev. 2011) (en banc)).

[43] *Id*.

[44] *Id*. (cleaned up).

[45] ECF No. 9 at 10.

[46] *Id*. (referencing 12 C.F.R. §§ 1024.35, 1024.36, 1024.39 & 1024.41).

[47] This ruling does not assume that the law permits such a claim, and the plaintiffs are ultimately responsible for demonstrating that it does.

**F. Next steps**

The net result of these motions to dismiss is that all claims against Nationstar Mortgage, McCalla Raymer, and Covius are dismissed with limited leave to file an amended complaint to state RESPA claims related to the alleged failure to respond to the Sanchezes' written requests for information and the mediation or negotiation process. The Sanchezes are cautioned that their ability to file an amended complaint is limited to pleading the permitted RESPA claims; they are not permitted to add other claims. That amended complaint must be filed by November 6, 2026, and it must be submitted on this court's complaint form. They should title it "Amended Complaint."

The Sanchezes are cautioned that it is insufficient to plead that generally that "defendants" performed all the acts underlying the claims. **For each defendant that they sue in their forthcoming amended complaint, the Sanchezes must state true facts showing how <u>each defendant specifically</u> is liable for RESPA violations.** Those facts must show what each individual defendant did and when they did it. Continued "shotgun" style pleadings will not be sufficient.

While the court is aware that the Sanchezes have filed a proposed amended complaint at ECF No. 59, that proposed pleading was not accompanied by a motion for leave to amend as the rules require, and this proposed amended complaint is the sixth

iteration of their pleading,[48] none of which was filed with leave of court.[49] So I strike the proposed amended complaint at ECF No. 59. **If, after the Sanchezes file the amended complaint authorized by this order, they want to further amend their complaint, they must file a proper motion for leave to amend**, complete with a memorandum of points and authorities explaining why they should be permitted to file a second amended complaint, and they must attach a proposed second amended complaint to that motion as required by Local Rule 15-1.

Finally, I note that the Sanchezes have filed a motion for leave to record a notice of lis pendens against the property.[50] NRS 14.010 authorizes the recording of a lis pendens in an action "affecting the title or possession of real property."[51] At this time, the Sanchezes' claims do not affect the title or possession of real property, as success on an amended RESPA claim is not likely to entitle them to title or possession, but rather money damages. Plus, it appears that the home was bought at foreclosure by Nationstar on a credit bid for the balance of the outstanding debt and then further transferred to an independent third party.[52] So the Sanchezes do not have title to the property. Their motion to file a lis pendens is denied.

---

[48] *See* ECF Nos. 1-1, 3, 5, 7, 9, 59.

[49] *See* Fed. R. Civ. P. 15(a)(1) ("[a] party may amend its pleading *once* as a matter of course") (emphasis added); L.R. 15-1 (a) ("the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading").

[50] ECF No. 66.

[51] Nev. Rev. Stat. § 14.010(1).

[52] *See* ECF Nos. 53-6 & 53-7.

## Conclusion

IT IS THEREFORE ORDERED that **the motions to dismiss filed by**

**Nationstar Mortgage [ECF No. 52],**

**McCalla Raymer Leibert Pierce, LLC [ECF No. 54], and**

**Covius Services, LLC [ECF No. 56]**

**are GRANTED. All claims in the operative complaint filed on 11/24/26 at ECF No. 9 are DISMISSED with limited leave to file an amended complaint containing only RESPA claims** related to the alleged failure to respond to the Sanchezes' written requests for information and the mediation or negotiation process **by November 6, 2026.** If the Sanchezes fail to file a proper, limited amended complaint by November 6, 2026, this case will be closed because there are currently no claims pending. **The Clerk of Court is directed to STRIKE the proposed amended complaint filed at ECF No. 59.**

IT IS FURTHER ORDERED that **the motion for leave to file a lis pendens [ECF No. 66] is DENIED.**

The court notes that the plaintiff has filed a motion to extend the scheduling-order deadlines,[53] which will be resolved by the magistrate judge. But in the meantime, in light of the posture of this case, **IT IS FURTHER ORDERED that the deadline to file a proposed joint pretrial order is stayed until further notice.** In the event that the magistrate judge issues a new scheduling order, a new date should be provided.

U.S. District Judge Jennifer A. Dorsey
October 21, 2026

[53] ECF No. 79.