**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Ernest Michael Sanchez, et al.,

Plaintiffs,

v.

Government National Mortgage Association, et al.,

Defendants.

Case No. 2:25-cv-01985-JAD-NJK

**Order**

[Docket No. 79]

Pending before the Court is Plaintiffs' motion to extend and reopen discovery deadlines.[1] Docket No. 79. The Court has considered Plaintiffs' motion and Defendant Nationstar Mortgage LLC's response. Docket Nos. 79, 86. No reply is necessary. Further, no hearing is necessary. *See* LR 78-1.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from

[1] The Court liberally construes the filings of pro se litigants. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*[2]

When a request for relief from a case management deadline is filed after the subject deadline has expired, an additional showing of excusable neglect must be made. *Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017) (addressing former Local Rule 26-4); *see also* Local Rule 26-3. The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Branch Banking*, 871 F.3d at 765.[3]

Here, Plaintiffs propounded discovery requests on the discovery cut-off date. Docket No. 79 at 3. Plaintiffs submit that they "did not understand at that time that written discovery should be served sufficiently before the discovery cutoff to allow the responding party's response period to expire before discovery closed." *Id.* As a result, Plaintiff asks to reopen and extend discovery deadlines. *Id.* Defendant opposes the request. *See* Docket No. 86.

---

[2] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

[3] The Ninth Circuit has at times stated the factors for consideration somewhat differently with respect to reopening discovery, including "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d. 1060, 1066 (9th Cir. 2017). Not all of the factors carry equal weight, however, and the Ninth Circuit has made clear repeatedly that a lack of diligence can be a critical deficiency. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) (affirming denial of motion to reopen discovery based on lack of diligence); *see also Branch Banking*, 871 F.3d at 765 (concluding that lack of diligence is "on its own" sufficient to deny request to reopen case management deadline).

In short, diligence has not been shown. Under the relevant case law, the Court would be justified in denying Plaintiffs' motion in its entirety due to the lack of good cause shown.[4] Nonetheless, given the desire to resolve the case on its merits, and the fact that Plaintiffs are proceeding *pro se*, the Court will reopen certain discovery deadlines and allow a 60-day extension from today's date.[5] During this time, the parties must diligently engage in discovery. Plaintiffs must familiarize themselves with all Federal Rules and Local Rules and comply with them in full. The Court is not inclined to grant further extensions.

Accordingly, Plaintiffs' motion is **GRANTED** to the extent that the Court reopens and extends certain discovery deadlines. Docket No. 79. Deadlines are hereby **RESET** as follows:

- Amend pleadings/ add parties: closed
- Initial experts: closed
- Rebuttal experts: closed
- Discovery cutoff: January 19, 2027
- Dispositive motions: February 18, 2027
- Joint proposed pretrial order: March 22, 2027, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: November 18, 2026.

Nancy J. Koppe
United States Magistrate Judge

---

[4] Since good cause was not shown, the Court does not reach the issue of excusable neglect.

[5] The Court's ruling is limited to the request to reopen and extend discovery deadlines. All other requests in Plaintiffs' motion are denied.